1            THE UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF ALABAMA
2                  SOUTHERN DIVISION

3

UNITED STATES OF AMERICA,  *   No. CR-98-184
4                          *
      Plaintiff,           *
5                          *
      Vs.                  *   Mobile, Alabama
6                          *   November 24, 1999
PERRY MALONE,              *   8:30 a.m **U.S. DISTRICT COURT**
7                          *          **SOU. DIST. ALA.**
      Defendant.           *      **FILED IN CLERK'S OFFICE**
8                          *
* * * * * * * * * * * * * *      **FEB 1 4 2000**
9
                                 **DEBORAH S. HUNT**
10               VOLUME I          **CLERK**
           TRANSCRIPT OF SENTENCING
11   BEFORE THE HONORABLE CHARLES R. BUTLER JR.
           UNITED STATES DISTRICT JUDGE
12
     A P P E A R A N C E S:
13
     FOR THE GOVERNMENT: UNITED STATES ATTORNEYS OFFICE
14                       SUITE 200
                         169 DAUPHIN STREET
15                       MOBILE, ALABAMA
                         BY:  DEBORAH GRIFFIN, ESQUIRE
16

17

     FOR THE DEFENDANT   GARY ARMSTRONG
18                       ATTORNEY AT LAW
                         DAPHNE, ALABAMA
19

20

21

22

23   COURT REPORTER      EDWIN J. HOWARD

24
                         COPY
25

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

1          THE CLERK:  Case set for sentencing

2     98-184, United States versus Perry Malone.  Is the

3     government ready?

4          MS. GRIFFIN:  Ready to proceed.

5          THE CLERK:  Is the defendant ready?

6          MR. ARMSTRONG:  Ready to proceed, Your

7     Honor.

8          THE COURT:  All right.  Counsel, we have

9     before us several issues on the presentence report

10    that -- or objections, I guess I should say,

11    Mr. Armstrong, that you have filed, a number of

12    them.  Mr. Armstrong, have you seen the probation

13    officer's addendum to the presentence report that

14    responds to each of these objections?  I believe

15    you have been furnished that as part of the

16    presentence report after the -- after page 23.

17         MR. ARMSTRONG:  Are you referring to the

18    one dated November 10th?

19         THE COURT:  Well --

20         MR. ARMSTRONG:  It would be the last

21    page.

22         THE COURT:  The last page doesn't have a

23    date on it.  It's the addendum to the presentence

24    report.  Isn't that furnished to counsel?

25         MR. ARMSTRONG:  Yes, sir, I have one.

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

497

1    It's a signature page, Your Honor, last page.

2            THE COURT:   I'm sorry.

3            MR. ARMSTRONG:   It would have a date in

4    the lower left-hand corner.

5            THE COURT:   This was revised November

6    17th, Mr. Johnson, the one I have up here.   Look

7    at what Mr. Armstrong has.

8            MS. GRIFFIN:   Judge, I think the facial

9    page is November 17th but the actual addendum with

10   the probation's conclusion is the November.

11           PROBATION OFFICER:   I think you are

12   looking at the recommendation.

13           THE COURT:   You are right,

14   Mr. Armstrong. I was looking at the date of the

15   presentence report.   You are looking at the date I

16   am now looking at.   We are looking at the same

17   date.   You have it.   My question is this:   Do you

18   want to offer any evidence or testimony on any of

19   these issues or -- well, period, do you?

20           MR. ARMSTRONG:   No, sir.   I don't see

21   any need to offer any.   We have stated the

22   objections as to how we feel.

23           THE COURT:   Ms. Griffin, do you want to

24   offer any testimony or evidence on any of the

25   issues raised by Mr. Malone?

498

1          MS. GRIFFIN:  No, sir.

2          THE COURT:  I am satisfied the

3    transcript of the Court proceedings, the trial

4    that I presided over, meets the necessary

5    requirements of proof by a preponderance of the

6    evidence of those issues raised in your objection,

7    Mr. Armstrong, that were presented during the

8    trial testimony.

9          However, those other issues that you

10   object to, which are some relatively minor matters

11   that do not affect sentencing, for instance

12   information about automobiles that Mr. Malone said

13   he had, those are supported by what is in the

14   presentence report.  So there is no reason to have

15   any hearing or evidence on any of those issues.

16         And the Court would deny your

17   objections.  Adopting the findings of the

18   probation officer in his response as being

19   appropriate.  And determines therefore that the

20   defendant has a criminal history of a six, offense

21   level of a forty.  And as to counts one and three

22   would result in a guideline sentence of life

23   without parole.  And as to Counts two and four,

24   sixty month sentences, which would obviously -- I

25   don't think obviously, but which would be

1    concurrent.

2              First, does the government have any

3    objections to those findings by the Court?

4              MS. GRIFFIN:  No, sir.

5              THE COURT:  Does the defendant have any

6    additional objections to those finding?

7              MR. ARMSTRONG:  The only additional

8    objection, for possible purposes of appeal, we

9    would objection on the enhancement provision as

10   being unconstitutional.

11             THE COURT:  All right, sir.  That

12   objection is overruled.  Step up with your client

13   and we will proceed with sentencing.

14             First Ms. Griffin, on behalf of the

15   government, does the government have any position

16   they wish to state this morning?

17             MS. GRIFFIN:  Your Honor, the statutory

18   requirement, of course, is life without parole.

19   We would ask the Court to impose that sentence.

20             THE COURT:  All right.  Mr. Armstrong,

21   first from you and I will hear from your client.

22             MR. ARMSTRONG:  I don't have anything

23   further to say, Your Honor.

24             THE COURT:  Mr. Malone, do you have

25   anything you wish to state to the Court.

1          THE DEFENDANT:  Nothing much, Your

2     Honor.  I said just about everything I wanted to

3     say at the hearing last week, you know.

4          THE COURT:  Before Judge Vollmer?

5          THE DEFENDANT:  Uh-huh. The only other

6     thing I would add is that there is still this

7     issue about my rights being violated in the

8     altering of the transcript that Your Honor said

9     that he would definitely look into months ago.

10         THE COURT:  Who?  Mr. Armstrong?

11         THE DEFENDANT:  No, sir.  You said you

12    would look into it.  The Court would look into it

13    and another party would look into it.

14         THE COURT:  Excuse me.  Mr. Armstrong

15    had access to that transcript or that actual tape

16    of the Kastagar hearing.  And actually listened to

17    it.  Is that correct, Mr. Armstrong?

18         MR. ARMSTRONG:  Yes, sir.  The portions

19    that I was -- informed the Court of that

20    Mr. Malone informed me.

21         THE COURT:  And the Court made a ruling

22    regarding that.  Frankly, I don't have it in front

23    of me.  But as you are aware, I have ruled on

24    that.

25         THE DEFENDANT:  Right.  But, see, after

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

1   he stated that, he never came and talked to me

2   about the issues.

3        THE COURT:  Okay.  Mr. Malone, your

4   concerns about that Kastagar hearing, I would say

5   two things about that, well, really three.  First

6   of all that is not an issue here for sentencing

7   this morning, first.  Secondly, that issue is

8   already preserved in the record, insofar as what

9   is in the record is in there.  Thirdly, if there

10  is anything additional about that Kastagar hearing

11  you and any new lawyer -- I am certainly going to

12  appoint you a new lawyer today, or I understand

13  you may have other counsel already.  That new

14  lawyer can take that issue up, either with this

15  Court or with the appellate court.  So in terms of

16  a sentencing issue, it's really not a sentencing

17  issue.  You understand?

18        THE DEFENDANT:  I understand.

19        MR. ARMSTRONG:  Your Honor, if I may

20  mention one thing.  When he is referring to the

21  comments addressed to Your Honor about you looking

22  into Kastagar, he is going way back before I was

23  even appointed in this case.

24        THE DEFENDANT:  That's right.

25        MR. ARMSTRONG:  That is the point that

1    he is, I believe, attempting to raise to the

2    Court.  Before I was even involved.

3              THE DEFENDANT:  That's right.  You said

4    that you would definitely look into it.  It's a

5    serious matter.  You never looked into it.  You

6    asked my attorney after -- months later, to

7    specify certain issues that I was referring to,

8    which we never got into, we never got into all the

9    issues I was referring to.

10             THE COURT:  As I recall you were

11   contending that Kenyen Brown, then Assistant U.S.

12   Attorney had testified to one thing at the

13   Kastagar hearing and the transcript reflected

14   another thing.

15             THE DEFENDANT:  Yeah.  That was one

16   issue but it was about eight or nine issues.

17             THE COURT:  Well, let me say this again

18   Mr. Malone.  I do an awful lot up here on the

19   bench I don't have the memory I use to have.  I

20   don't remember exactly what I told you many, many,

21   many, months ago.

22             THE DEFENDANT:  Right.

23             THE COURT:  But I do know you have had

24   competent counsel.  I assume you will have

25   competent counsel from this day forward, new

1    counsel.  And what every issue is in the record,

2    if it's brought to my attention and requires

3    additional dealing or ruling by me, I would

4    certainly do it, as long as I have jurisdiction.

5    If it's out of my hands and gets to the appellate

6    court, they will certainly do whatever is before

7    them.

8            Do you have a comment, Ms. Griffin?

9            MS. GRIFFIN:  Yes, sir, Your Honor.  It

10   is my recall that there is no outstanding matters

11   to be ruled upon.  That Your Honor -- that

12   Mr. Armstrong did file a Kastagar motion, after

13   Mr. Armstrong was appointed on this case.  And

14   Your Honor ruled that the transcript of the two

15   Kastagar hearings in January of 1999 where the

16   officials transcripts of the proceedings of the

17   this Court.  And that that matter had been ruled

18   upon and is closed and preserved for appeal.

19           THE COURT:  All right.  Now, Mr. Malone,

20   again, I don't even remember, that in all candor

21   with you.  But the record is clear that whatever

22   was said, whatever was ruled on, lawyers will look

23   at that on your behalf.  Appellate Judges will

24   look at it on your behalf and if properly brought

25   to my attention and I still have jurisdiction I

1    will look at it again.

2              THE DEFENDANT:  How long will you have

3    jurisdiction?

4              THE COURT:  When you file notice of

5    appeal, as I recall the rules, for seven days I

6    have just jurisdiction to amend and the correct

7    the judgment.  And thereafter it begins to get

8    less sure.  And you have a right to file a motion

9    for a new trial.  But, timewise, those are thing

10   that either Mr. Armstrong can tell you or your new

11   attorney.

12             Let me ask you, while we are on the

13   subject of a new lawyer.  Is it correct that your

14   family has retained a lawyer for you?

15             THE DEFENDANT:  No, sir.  They are in

16   the process of retaining a new lawyer.  They have

17   already talked with one and he is going to

18   represent me.

19             THE COURT:  All right.  Now, that puts

20   us in kind of a quandary about what to do for your

21   appeal rights.  But let's go ahead with the

22   sentencing and we will talk about that in a

23   minute.  Do you want to say anything, Mr. Malone,

24   regarding your sentencing in this case before I

25   impose sentence?

1          THE DEFENDANT:  None other than I

2     shouldn't be sentenced at all because the fact

3     that the government has violated all of my rights.

4     And literally I was a framing, honestly, with

5     these convictions from the very beginning.  So --

6     and I had asked the Court to look into it and the

7     Court hasn't done that, you know.  Me and my

8     attorney had many disagreements and

9     misunderstandings.  And that is how everything got

10    the way they are, as far as the transcript matter.

11    But nothing has been looked into properly, you

12    know, to see whether or not my allegations about

13    this issue are correct.

14         THE COURT:  All right, sir.  It's the

15    judgment of the Court that as to Count's one and

16    three you be sentenced to a term of life

17    imprisonment and sixty months as to each of counts

18    two and four.  These sentences are to run

19    concurrently with one another and concurrently

20    with the sentence that has already been imposed in

21    case number 98-183.

22         If you are ever released, Mr. Malone,

23    you will be placed on supervised release for a

24    term of ten years, as to each of Counts one and

25    three.  Three years as to each of Count two and

1    four.  Those to run concurrently with one another

2    and with each other, as well with the supervised

3    release term in 98-193.  If you are on supervised

4    release, you are not to commit any State, Federal

5    or local crimes.  You will abide by all the

6    conditions of release on file with this Court.

7    Not possess any dangerous weapons, controlled

8    substances or firearms.  Participate in whatever

9    program is available for testing and/or treatment

10   for substance abuse.  And at your request, as I

11   understand it, even though you are not going to be

12   eligible for early release with a life sentence, I

13   do think, because there is a remote possibility

14   that you might some day, that residential

15   comprehensive substance abuse treatment would be

16   in order, so I will recommend that.  I am not

17   going to impose a fine, but I will order that you

18   pay the one hundred dollar special assessment as

19   to each of the four counts of conviction.  That is

20   due immediately.  You have ten days from today to

21   appeal.

22            Counsel, I will ask you now if you have

23   any additional objections, other than those

24   previously stated, to any of the Court's findings

25   conclusions or the manner in which the sentence

1   was imposed.

2           MR. ARMSTRONG:  No, sir.

3           MS. GRIFFIN:  No, sir.

4           THE COURT:  Mr. Armstrong, because

5   Mr. Malone has indicated his family is in the

6   process of hiring another attorney, there has been

7   no appearance and no notice to the Court of that,

8   other than I would say that I received a phone

9   call this morning, not fifteen minutes ago,

10  Mr. Malone, from your aunt Lettie Malone who told

11  me, and that is why I brought this subject up,

12  that the family had made arrangements to hire a

13  lawyer from Birmingham names Aretouro Davis.

14          THE DEFENDANT:  Right.  They already

15  have.

16          THE COURT:  I wasn't sure whether they

17  have or are going to.  But let me ask

18  Mr. Armstrong, will you file the notice of appeal?

19          MR. ARMSTRONG:  Yes, sir.  I have it

20  prepared and sitting on the table.

21          THE COURT:  Mr. Armstrong is going to

22  file your notice of appeal.  Mr. Armstrong, are

23  you able to get in touch with Ms. Lettie Malone?

24  Do you know how to get in touch with her.

25          MR. ARMSTRONG:  I can find out, Your

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

1    Honor.

2              THE COURT:  Mr. Malone, tell

3    Mr. Armstrong how to get in touch with Lettie

4    Malone and I will ask that you call her and tell

5    her that you have filed the notice of appeal.  And

6    I, at this point, am going to allow you, once you

7    file that notice of appeal, to withdraw from this

8    case.  Unless you wish to stay.  But according to

9    Mr. Malone he really would prefer another lawyer.

10             MR. ARMSTRONG:  I have the notice of

11   appeal and designation of the record and motion

12   all prepared and ready to file.

13             THE COURT:  I am going to let you

14   withdraw.  Now, Mr. Malone listen carefully now,

15   because you need a lawyer.  You need a lawyer

16   immediately for all the issues you raised in Judge

17   Vollmer's case, in this case.  And I want you to

18   have a lawyer.  I am going to assume from what

19   your aunt conveyed to me on the telephone and what

20   you have indicated this morning that there is

21   another lawyer out there who os going to pick up

22   your appeal.  If that is not correct, you, Perry

23   Malone, need to notified this Court, write a

24   letter to me or to -- well, write it to me as well

25   as Judge Vollmer, because we need to appoint you a

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

1    lawyer.  Let me ask counsel, did Judge Vollmer

2    appoint a lawyer for appeal?  Did he let

3    Mr. Armstrong out in that case.

4            MR. ARMSTRONG:  Your Honor, he indicated

5    after I file notice of appeal that he will grant

6    the motion to withdraw.  But I have not received

7    notification that he has appointed anybody.  I

8    believe he would send it back to the Magistrate's

9    office.

10            THE COURT:  That is what I am going to

11    do, Mr. Malone, to make certain.  I am going to

12    coordinate your case with Judge Vollmer's and ask

13    my courtroom deputy here to determine what Judge

14    Vollmer has done about seeing that you have a

15    lawyer on appeal in his case.  You will have the

16    same lawyer.

17            THE DEFENDANT:  I remember.  He didn't

18    appoint me a lawyer.  He asked me about it and I

19    told him I had a lawyer.

20            THE COURT:  Then if there is any problem

21    with you having a lawyer, Mr. Malone, and not

22    being able to afford one, or your family, you have

23    to notify me.

24            THE DEFENDANT:  Within how many days?

25            THE COURT:  Just as soon as you do.

EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT

1    Listen to me real carefully now, from what you say

2    and what your aunt said, I am assuming you have a

3    lawyer who is going to handle your appeal.  So I

4    don't really plan to appoint you one, because you

5    are telling me that you have one.  There is no

6    appearance by that lawyer in the file.  Let me say

7    within 10 days, if your new lawyer doesn't file an

8    appearance, and Mr. Armstrong you tell Ms. Malone

9    this for me, and you, Mr. Malone, if you talk to

10   her, tell her this.  If within ten days he does

11   not file a notice of appearance I am going to

12   refer your case to a Magistrate Judge, you will be

13   taken before that Magistrate Judge, asked if you

14   have a lawyer, if you don't and are unable to

15   afford one, they will appoint one for you have, in

16   this case and in Judge Vollmer's.  Okay?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Anything further?

19             MS. GRIFFIN:  No, sir.

20             MR. ARMSTRONG:  One thing further.  May

21   we approach?

22             THE COURT:  Sure.

23             MS. GRIFFIN:  Judge, I want this on the

24   record.

25                  (AT THE SIDEBAR)

```
 1                    MR. ARMSTRONG:  Your Honor --

 2                    THE COURT:  Nobody in the courtroom who

 3        can't hear this, is there, Gary?

 4                    MR. ARMSTRONG:  No, sir.

 5                    THE COURT:  Go ahead.

 6                    MR. ARMSTRONG:  Mr. Malone is very

 7        concerned about being housed with certain inmates.

 8        We identified certain inmates to Judge Vollmer and

 9        Judge Vollmer asked the U. S. Attorney's office to

10        write a letter to the Bureau of Prisons.  I am

11        trying to make sure that Mr. Malone is not housed

12        with these inmates who he may have contributed to

13        them being incarcerated.  Ms. Griffin indicated to

14        me earlier today that she has written a letter to

15        the Bureau of Prisons indicating that.  And I

16        would simply like to point out that we have

17        brought that up again, so that Mr. Malone is --

18                    THE COURT:  Is there any reason why we

19        can't put this in the judgment and commitment

20        order?

21                    MS. GRIFFIN:  The routine is for it to

22        be sent to the Bureau of Prisons.  We sent it

23        yesterday, with a courtesy copy to Mr. Armstrong.

24        We disagree that he needs to be separated from

25        some of the individuals.  We included their names
```

1    in that anyway.  So in terms of what is

2    appropriate --

3              THE COURT:  Let me put this in the

4    record, and I want this in the judgment and

5    commitment order:  The Bureau of Prisons is to

6    exercise their discretion to insure that

7    Mr. Malone is housed in an institution where he

8    will not be in direct contact with those

9    individuals against whom he has provided

10   information in any ongoing investigation of any

11   kind or character in the Southern District of

12   Alabama.

13             MS. GRIFFIN:  Judge, we are only aware

14   of the ones whose names he gave us through

15   Mr. Armstrong.

16             THE COURT:  I understand.  I can't do

17   any better than that.

18             MS. GRIFFIN:  Nor can we.

19             MR. ARMSTRONG:  And I have indicated on

20   the record what those names are Mr. Malone gave

21   that.

22             THE COURT:  Is that Lettie Malone?

23             THE DEFENDANT:  That is Nancy.

24             THE COURT:  This matter is concluded,

25   Court is adjourned.

1       C E R T I F I C A T E

2

3       STATE OF ALABAMA)

4       COUNTY OF MOBILE)

5

6           I, Edwin J. Howard, do hereby certify

7   that the above and foregoing transcript of

8   proceedings in the matter aforementioned was taken

9   down by me in machine shorthand, and the questions

10  and answers thereto were reduced to writing under

11  my personal supervision, and that the foregoing

12  represents a true and correct transcript of the

13  proceedings had upon said hearing.

14

15

16

17

18

19  _____
        EDWIN J. HOWARD
20      OFFICIAL COURT REPORTER
        UNITED STATES COURTS
21

22

23

24

25


EDWIN J. HOWARD, OFFICIAL COURT REPORTER, U.S. COURT