# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CRIM. NOS. 98-00183-RV-C |
| ) | 98-00184-WS-C |
| PERRY MALONE   ) | |

## UNITED STATES' OPPOSITION TO MALONE'S MOTION FOR A REDUCED SENTENCE

The United States, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, submits this response in opposition to Perry Malone's ("Malone's") motion for a reduced sentence under the First Step Act of 2018. Malone received separate life sentences in two cases before this Court based on his extensive distribution of cocaine and crack cocaine in separate conspiracies. The Court's sentencing findings, made several decades ago, cannot be altered or set aside by a First Step Act motion. For the reasons set out below, this Court should deny Malone's motion.[1]

**I.   Background and Procedural History**

Malone received life sentences as a result of his convictions in two federal cases before this Court: Case No. 98-00183 and Case No. 98-00184. Both cases centered on

---

[1]   Malone filed two motions, one in each case. The motions raise the same legal issues, so the United States has submitted this single, consolidated response to both motions.

1

Malone's distribution of cocaine and crack cocaine as part of separate conspiracies. In his present motion, Malone acknowledges that his indictment asserted more than 280 grams of crack cocaine. [Case No. 98-00183, Doc. No. 265, pp. 2, 4] First, the indictment in Case No. 98-00183 charged him with conspiracy to possess more than 5 kilograms of cocaine and 1.5 kilograms of crack cocaine. [*Id.*, pp. 2–3] Second, the indictment in Case No. 98-00184 charged Malone with a conspiracy to distribute approximately 1 kilogram of crack cocaine. [*Id.*, p. 4] A separate count charged him with aiding and abetting in connection with 285 grams of crack cocaine. [*Id.*]

Both sentencing judges in Malone's case subsequently adopted the findings in the presentence investigation report (the "PSI"), which implicated Malone in at least 1.5 kilograms of crack cocaine for each conspiracy. In Case No. 98-00183, the Court found as follows: "The testimony that the Court is aware of is adequate to allow the Court to conclude that the Defendant is responsible for more than 1.5 kilos of crack cocaine in the offense and did give untruthful testimony at trial." [Case No. 98-00183, Doc. No. 260, p. 68] Subsequently, the Court adopted the findings in the PSI in Case No. 98-00184. [Case No. 98-00184, Doc. No. 270, p. 4] Malone also had a long criminal record, including multiple convictions related to his possession and distribution of cocaine. *See* [Case No. 98-00183, Doc. No. 260, p. 74]

In his present motion, Malone seeks a reduced sentence of 262 months under Section 404 of the First Step Act. [Case No. 98-00183, Doc. No. 265, p. 13][2] He asserts that he "has served approximately 258 months of actual custody." [*Id.*] Malone argues both that he is eligible for a reduction under the terms of Section 404 and that this Court should exercise its discretion to reduce his sentence. First, he contends that this Court cannot rely on judge-found sentencing facts for purposes of a First Step Act motion. [*Id.*, p. 7] Second, he claims that he should receive a reduced sentence because he has pursued various rehabilitation opportunities while incarcerated. [*Id.*, p. 10] This Court directed the United States to respond, and this is the United States' response in opposition.

## II.   Standard of Review

This motion implicates two statutes, the First Step Act of 2018 and the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"). As discussed in more detail below, defendants who are sentenced for violating the Controlled Substances Act typically are subject to various statutory penalties. *See* 21 U.S.C. § 841(b)(1). Generally, these statutory penalties become higher depending on the quantity of the controlled substance involved. *Id.* At the time of Malone's conviction, a defendant was subject to the highest range of statutory penalties in § 841(b)(1)(A) if the defendant was

---

[2]   Malone's motion is Docket Entry No. 282 in Case No. 98-00184.

responsible for at least 50 grams of crack cocaine. In 2010, Congress passed the Fair Sentencing Act, which changed some of these penalty thresholds. Fair Sentencing Act of 2010, Pub. L. 111-220, § 2, 124 Stat. 2372 (2010). Relevant here, Congress changed the threshold for 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, and it changed the threshold for 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. *Id.* By and large, the Fair Sentencing Act was not retroactive to defendants who had been sentenced before Congress enacted it. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012) (concluding that the Fair Sentencing Act applied "to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3").

Congress provided a limited retroactive remedy for pre-Fair Sentencing Act crack cocaine offenders in December 2018, when it passed the First Step Act. Under Section 404 of the First Step Act, certain defendants are eligible to seek a reduced sentence if they meet the criteria under Section 404. Section 404 requires a multi-step analysis. First, a defendant is only eligible if he received a sentence for a "covered offense," which "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404(a), 132 Stat. 5194, 5222 (2018). Second, a defendant is only entitled to narrow relief, specifically "a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.*, § 404(b).

Finally, even if a defendant is eligible for the relief he seeks, this Court has broad discretion to determine whether to grant that relief. *Id.*, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The sentencing factors in 18 U.S.C. § 3553(a) inform the Court's discretion.

### III.   Discussion

This Court should deny Malone's motion for two reasons. First, Malone seeks relief that falls outside the scope of the First Step Act. Section 404 does not permit defendants to re-litigate drug quantity determinations from an initial sentencing proceeding.[3] Thus, he is ineligible for the relief he seeks. Second, even if he were eligible, this Court should not reduce his sentence. The United States addresses each reason in turn.

#### A.   Malone cannot Set Aside the Drug Quantity Determinations at his Sentencing

In short, Malone seeks to set aside three life sentences. First, in Case No. 98-00183, he seeks to set aside the life sentence on the conspiracy count. Second, in Case No. 98-00184, he seeks to set aside his life sentences on the conspiracy count and on a separate possession count. Notably, he does not assert in his motion that he was *actually*

---

[3]   Malone makes several passing references to the COVID-19 pandemic, but he makes no specific motion premised on that pandemic. Instead, he clearly relies on Section 404, which provides relief to certain crack cocaine offenders on a discretionary basis.

responsible for less than 280 grams of crack cocaine for *any* of these charges. Instead, he frames the issue as follows: "Are judicial findings at sentencing sufficient to render a defendant ineligible for First Step Act [r]elief?" [Case No. 98-00183, Doc. No. 265, p. 7] The answer is yes.

Beginning with the plain language of the statute, multiple features of Section 404 confirm that Congress did not intend for courts to revisit drug quantity determinations made during the initial sentencing proceedings. *See United States v. Townsend*, 630 F.3d 1003, 1010 (11th Cir. 2011) ("As always with questions of statutory interpretation, our inquiry begins with the plain language of the statute."). When Congress passed the First Step Act, it defined the scope of Section 404 in two important ways: (1) it limited the application to a "covered offense" as defined by Section 404(a); and (2) it provided that a sentencing court may only "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404, 132 Stat. 5194, 5222 (2018). Nothing in the text of Section 404 supports the notion that a defendant can contest drug quantity determinations from sentencing. Instead, the statute allows only for specific relief to a particular class of defendants.

Working in tandem, these two provisions confirm the scope of available relief. The term "covered offense" was defined to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

6

Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* at § 404(a). The use of the term "violation" is significant, as it signals that courts should consider the full facts in the record and not just the defendant's conviction. *See Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489 (1985) (recognizing that the term "violation" refers not to just a criminal conviction but "to a failure to adhere to legal requirements"). Moreover, Section 404(a) ties relief to the modifications in sections 2 and 3 of the Fair Sentencing Act. Although the Fair Sentencing changed certain quantity thresholds for crack cocaine offenses, the statute said nothing as to how the United States must establish drug quantities for purposes of sentencing. Instead, those doctrines evolved through separate lines of judicial authority.

Section 404(b) reinforces this interpretation of the statute. It allows only for courts to "impose a reduced sentence as if" the Fair Sentencing Act applied. First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404(b), 132 Stat. 5194, 5222 (2018). As the Eleventh Circuit has recognized, the language in Section 404(b) "implies that Congress has expressly permitted courts to retroactively apply only the Fair Sentencing Act to defendants who qualify, while otherwise considering their sentence against the backdrop of the legal landscape at the time of their offense." *United States v. Carter*, 792 F. App'x 660, 663 (11th Cir. 2019) (unpublished). Reinforcing the point, the Court explained that "[t]he statute's express statement that sections 2 and 3 of the Fair Sentencing Act are to be applied retroactively indicates that Congress did not intend

7

that other changes in law should similarly be applied as if they were in effect at the time of the offense." *Id.* at 664. *Carter* is persuasive because its interpretation flows naturally from the text of the statute, and this Court should apply it here.

This interpretation is also consistent with Section 404's structure and its context as part of a broader statutory scheme. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (recognizing that statutory analysis typically accounts for "the statute's text in light of context, structure, and related statutory provisions"). For starters, this Court should read Section 404 against the statutory backdrop in 18 U.S.C. § 3582. As a general matter, Congress has provided that, with certain narrow exceptions, a criminal judgment that includes a prison sentence "constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). Congress placed one set of those narrow exceptions in § 3582(c). Again, Congress began with the clear statement that "[t]he court may not modify a term of imprisonment once it has been imposed" unless certain exceptions apply. *Id.* at § 3582(c). One exception is "to the extent otherwise expressly permitted by statute[.]" *Id.* at § 3582(c)(1)(B). Accordingly, motions under Section 404 are read most naturally as motions pursuant to § 3582(c)(1)(B). In turn, Congress' broad definition of finality illustrates that the scope of Section 404 should be construed both narrowly and consistently with the strong policy interests that favor the finality of criminal judgments.

Indeed, both the Supreme Court and the Eleventh Circuit have adopted similar interpretations of motions pursuant to § 3582(c)(2), a provision that allows for certain defendants to seek reduced sentences based on retroactive amendments to the Federal Sentencing Guidelines. *Id.* at § 3582(c)(2). In *Dillon v. United States*, the Court interpreted § 3582(c)(2) with a view toward the general rule against modifications of imprisonment. 560 U.S. 817, 819 (2010). The Court rejected the defendant's argument that he was entitled to a full-dress resentencing proceeding. *Id.* at 825–26. The Eleventh Circuit similarly rejected efforts to re-litigate extraneous sentencing decisions under the cloak of § 3582(c)(2). *See, e.g., United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (refusing to consider a claim of *Booker*[4] error in a § 3582(c)(2) proceeding).

For that reason, the Eleventh Circuit has indicated in unpublished decisions that a defendant may not set aside drug quantity findings at sentencing under Section 404. *See United States v. Brown*, 803 F. App'x 322, 324 (11th Cir. 2020) (unpublished) (concluding that a defendant could not use a First Step Act motion to challenge his sentencing procedures). *See also United States v. Means*, 787 F. App'x 999, 1001 (11th Cir. 2019) (unpublished) (concluding that the First Step Act did not affect the defendant's sentence "because he was attributed with over five kilograms of cocaine, far in excess

---

[4]   This notation refers to *United States v. Booker*, 543 U.S. 220 (2005), which concluded that the Guidelines are advisory, not mandatory.

of the new 280-gram triggering amount"). Moreover, the Eleventh Circuit recently heard oral arguments in multiple cases involving the First Step Act, including *United States v. Jones*, a case that was before this Court. *See* Eleventh Circuit Docket No. 19-11505. The Court's decision in *Jones* is likely to shed substantial light on this case.

Applying that framework here, Malone's motion should fail. He does not contest that he was held accountable for at least 280 grams of crack cocaine at the time of his sentencing. Accordingly, he cannot obtain a reduced sentence now because he remains subject to those drug quantity findings.

In his brief, Malone cites to various courts that have adopted a different interpretation of Section 404. [Case No. 98-00183, Doc. No. 265, pp. 7–9] As this Court has recognized, though, a defendant cannot "litigate sentencing matters as to which the First Step Act and retroactive application of the FSA have no bearing or effect." *United States v. Jones*, No. 94-0067, 2019 WL 1560879, at *2 (S.D. Ala. April 9, 2019) (Steele, J.). As noted above, the *Jones* case has been argued in the Eleventh Circuit and likely will shed further light on the outcome in this case. Moreover, the Eleventh Circuit's unpublished decisions in *Means*, *Carter*, and *Jones* strongly indicate that the Eleventh Circuit will adopt an interpretation of Section 404 that is consistent with its plain language.

Indeed, what Malone ultimately seeks is to have this Court apply the principles in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99

10

(2013) to First Step Act motions. Nothing in the text of Section 404 supports this approach. Both *Apprendi* and *Alleyne* concern initial sentencing proceedings, not post-conviction motions for a discretionary sentence reduction. Put simply, Malone cannot receive a higher sentence as a result of this motion; at worst, he remains subject to his prior sentence. Moreover, the Eleventh Circuit has recognized that these decisions are not even retroactive on collateral review. *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (concluding that "*Apprendi* was decided in the context of a direct appeal, and the Supreme Court has not applied it in a case on collateral review"). *See also Jeanty v. Warden FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (noting that *Alleyne* is not retroactive to cases on collateral review either because "[i]f *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule"). *Apprendi* and *Alleyne* have no application to the First Step Act, which serves different purposes than an initial sentencing proceeding.

Finally, this interpretation of the First Step Act would create an absurd result for two reasons. This Court should avoid that outcome here. *See Regions Bank v. Provident Bank*, 345 F.3d 1267, 1276 (11th Cir. 2003) ("[W]e are mindful that the Supreme Court has repeatedly held that if possible, a court should avoid construing a statute in a way that produces absurd results."). First, this interpretation would provide crack cocaine defendants greater rights to change their sentences than other controlled substance defendants. Put another way, a pre-2010 crack cocaine offender could re-litigate drug

quantity determinations that a powder cocaine offender or a heroin offender could not. Second, such an outcome would create arbitrary and inconsistent results, privileging earlier crack cocaine defendants over more recent ones simply because the earlier crack cocaine defendants were sentenced under a legal regime that has since changed. These outcomes are inconsistent with Section 404's purpose to reduce sentencing disparities. Instead, Section 404 allowed defendants to seek a sentence reduction only when the crack cocaine for which they were held responsible would now fall under a different threshold. Accordingly, this Court should avoid that result here.

In sum, this Court should reject Malone's contention that courts may set aside drug quantity findings as part of a motion under Section 404. Put simply, *Apprendi* and *Alleyne* do not apply in this context. Instead, the text makes clear that a defendant only is entitled to a reduced sentence "as if" the Fair Sentencing Act applied at the time. First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404(b), 132 Stat. 5194, 5222 (2018). All other sentencing decisions remain unchanged, and defendants like Malone remain subject to the drug quantities as established at sentencing. Malone has advanced no other argument that he is otherwise eligible for a sentence reduction, and thus this Court should deny his motion.

### B.     This Court should Decline to Reduce Malone's Sentences

Even if this Court concludes that Malone is eligible for relief, it still should deny his motion for a reduced sentence. As this Court exercises its discretion under the First

Step Act, it should consider Malone's motion in the light of the sentencing factors in 18 U.S.C. § 3553(a). Based on those factors, his life sentences remain appropriate in his case.

Malone trafficked in large quantities of crack cocaine, a dangerous controlled substance. Indeed, he has convictions in this Court stemming from multiple conspiracies to distribute crack cocaine. These convictions demonstrate that he committed serious offenses and demonstrated a severe disregard for the law. 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A). Similarly, Malone had prior convictions in connection with his possession and distribution of cocaine. *See* [Case No. 98-00183, Doc. No. 260, p. 74] (discussing Malone's prior narcotics convictions at sentencing). At the time of his sentencing, Malone had also amassed a criminal history category of VI out of VI. [Case No. 98-00183, Doc. No. 260, p. 73; Case No. 98-00184, Doc. No. 270, p. 4] The extent of Malone's conduct and his criminal history demonstrate that a life sentence was necessary to provide adequate punishment, to deter Malone from further crimes, and to protect the public. 18 U.S.C. §§ 3553(a)(2)(A), 3553(a)(2)(B), 3553(a)(2)(C).

Moreover, Malone's sentencing hearing in Case No. 98-00183 shed light on other troubling aspects of Malone's conduct. For starters, Malone raised a litany of complaints against his trial counsel and the United States at his sentencing hearing. He accused a prosecutor of perjury. [Case No. 98-00183, Doc. No. 260, p. 14] He claimed that his trial attorney lied to him. [*Id.*, p. 12] He insinuated that Judge Butler, who

13

presided over Case No. 98-00184, had engaged in misconduct. [*Id.*, pp. 37–38] He also claimed that the "government" had framed him for a murder. [*Id.*, pp. 49–50]

When the Court imposed sentence, it found that Malone had lied during his trial. [*Id.*, pp. 68, 71] The Court also noted that it was "not surprised at your attitude because your attitude has been expressed throughout the trial and throughout all of these proceedings." [*Id.*, p. 75] Put simply, Malone's conduct at sentencing demonstrated a disregard for the rule of law, for the administration of justice, and continues to call into question his willingness to follow the law if released. 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A).

Malone contends that he has rehabilitated his life. [Case No. 98-00183, Doc. No. 265, p. 10] Although this Court may consider that rehabilitation evidence in this case, it does not outweigh the other circumstances that continue to support the life sentences in this case. *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (concluding that a court "may consider the defendant's post-sentencing conduct" in connection with a motion pursuant to 18 U.S.C. § 3582(c)(2)). *But see United States v. Brewer*, 536 F. App'x 923, 926 (11th Cir. 2013) (unpublished) ("Although we have held that the court *may* consider defendant's post-sentencing conduct, we have never held that it must." (emphasis in the original)).

Indeed, Malone's motion includes some notable omissions. He does not apologize, for example, for his untruthful testimony at trial. Nor does he apologize for

14

his extensive allegations of misconduct—against the United States, his trial attorney, and the Court—at sentencing. He does not meaningfully address his extensive criminal history, from his multitude of federal convictions to his previous state convictions.

Instead, he attempts to downplay that history. He claims that he "has no history of violence, no violent prior convictions, [and] there was no gun or violence involved in his case." [Case No. 98-00183, Doc. No. 265, p. 10] This Court should reject Malone's attempts to downplay his criminal history. He amassed a severe criminal history score and repeatedly violated the law with respect to controlled substances. Although his attempts to improve his life may be laudable, they do not outweigh the severe harms that Malone inflicted on his community by repeatedly distributing narcotics. 18 U.S.C. § 3553(a)(2)(C). Accordingly, his motion does not provide sufficient confidence that he will abide by the law in the future. This Court should decline to reduce his sentence.

## IV. Conclusion

In sum, the United States respectfully urges the Court to deny Malone's motion for relief.

                Respectfully submitted,

                RICHARD W. MOORE
                UNITED STATES ATTORNEY

                By:

                */s/ Scott A. Gray*
                Scott A. Gray (grays6387)
                Assistant United States Attorney
                63 South Royal Street, Suite 600
                Mobile, Alabama  36602
                Telephone:  (251) 441-5845
                Fax:  (251) 441-5131