IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 98-0183-WS** |
| ) | **CRIMINAL NO. 98-0184-WS** |
| ) | |
| **PERRY MALONE,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

These matters come before the Court on defendant Perry Malone's Motion to Reduce his Life Sentence Pursuant to the First Step Act (doc. 265 in 98-0183, doc. 282 in 98-0184). The Motion has been briefed, including supplemental briefing to address the impact of the Eleventh Circuit's recent decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).[1]

**I.  Relevant Background.**

In each of these criminal matters, Malone is presently serving a life term of imprisonment. The sentencing history in each case is critical to the present Motion.

In Criminal No. 98-0183, Malone was charged with, among other offenses, conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 1.5 kilograms of crack cocaine, in violation of 21 U.S.C. § 846. The case went to trial in August 1999, at which time a jury found Malone guilty on the § 846 count, but made no specific drug quantity

---

[1] Also pending is the Government's Motion for Leave to File Under Seal (doc. 278 in 98-0183, doc. 291 in 98-0184). In that Motion, the Government seeks leave to file under seal a copy of Malone's Presentence Investigation Report prepared by the U.S. Probation Office prior to his 1999 sentencing hearings in these matters. The Court agrees that this PSR is properly included in the record, that it is relevant to Malone's Motion to Reduce Sentence, and that it should be docketed under seal (just as any other PSR would be) to safeguard Malone's privacy and protect his personal history and personally identifiable information from public disclosure. Accordingly, the Government's Motion for Leave to File Under Seal is **GRANTED**. Malone's Presentence Investigation Report found at docket entry 279 in Criminal No. 98-0183 and at docket entry 292 in Criminal No. 98-0184 shall be maintained **under seal** by the Clerk of Court for the reasons stated.

determinations. At the sentencing hearing held in November 1999, Judge Vollmer found by a preponderance of the evidence that Malone was responsible for more than 1.5 kilograms of crack cocaine. (Doc. 260, PageID.338.) Judge Vollmer indicated that the Government had properly filed a notice of enhancement under 21 U.S.C. § 851, expressing its intent to seek an enhanced penalty based on Malone's history of at least two prior drug felonies, including a 1995 state-court conviction for possession of cocaine and a 1991 state-court conviction for conspiracy to distribute cocaine. On that basis, the sentencing judge explained that "[t]hese two prior felony drug convictions would result in the Defendant being sentenced to a mandatory term of life imprisonment without release under [Title] 21, United States Code, Section 841(b)(1)(A), … which will require the sentence that is being imposed." (Doc. 260, PageID.344-45.) Judge Vollmer then imposed a sentence of life imprisonment in Criminal No. 98-0183. (*Id.*, PageID.346.)

In Criminal No. 98-0184, Malone was charged with, among other offenses, conspiracy to possess with intent to distribute approximately one kilogram of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1), and aiding and abetting the attempt to possess with intent to distribute 285 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count 3). The case went to trial in August 1999, at which time the jury found Malone guilty of Counts 1 and 3, but did not make specific drug quantity determinations. At the sentencing hearing held in November 1999, Judge Butler adopted the PSR and found that Malone was responsible for at least 1 kilogram of crack cocaine in connection with Count 1. Pursuant to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) as they existed at that time and the Government's notice of enhancement under § 851 for Malone's two prior drug felony convictions (as described above), Judge Butler imposed a statutory mandatory sentence of life imprisonment on Counts 1 and 3 in Criminal No. 98-0184.

In his Motion to Reduce Sentence, Malone argues that (i) because "there was no jury finding of any specific quantity in excess of 50 grams, … Mr. Malone is *eligible* for a sentence reduction pursuant to Section 404 of the First Step Act" (doc. 265 in 98-0183, doc. 282 in 98-0184, at 9); (ii) because of such eligibility, "the Court is free to fashion a penalty that is 'sufficient, but not greater than necessary' to accomplish the statutory purposes set forth in 18 U.S.C. § 3553(a)" in these cases (*id.* at 9-10); (iii) Malone has amassed an extraordinary record of rehabilitative efforts in prison; and (iv) the mandatory life sentences imposed here are no

longer applicable, and this Court should modify Malone's sentences in accordance with the "presently applicable guideline range of 324 – 405" months (*id.* at 13).  In a supplemental brief, Malone shifts gears by stressing that his "motion is based upon the Eleventh Circuit's recent decision in *United States v. Jones* …, and it is further buttressed by his exemplary prison record."  (Doc. 275 in 98-0183, doc. 288 in 98-0184.)  The Government opposes the Motion on all stated grounds.

II.     Analysis.

    A.     *Key Features of the First Step Act.*

Signed into law on December 21, 2018, the First Step Act of 2018 includes multiple provisions directed at recidivism reduction and sentencing reform.  Of particular relevance to Malone's Motion, Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant …, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. 115-391, § 404(b) (Dec. 21, 2018).  The term "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 …, that was committed before August 3, 2010."  In turn, Section 2 of the Fair Sentencing Act increased the minimum quantity of crack cocaine needed to trigger certain enhanced statutory penalties, such that the threshold to implicate the mandatory penalties of 21 U.S.C. § 841(b)(1)(A)(iii) increased from 50 grams to 280 grams.  Likewise, under Section 2 of the Fair Sentencing Act, the mandatory penalties of § 841(b)(1)(B)(iii) came into play only for offenses involving 28 grams or more of crack cocaine, as opposed to the 5-gram threshold that had applied previously.  Section 404 of the First Step Act effectively makes these provisions retroactively applicable to defendants (like Malone) who were sentenced for offenses predating the August 3, 2010 effective date of the Fair Sentencing Act.  Section 404(c) emphasizes, however, that any such retroactive sentencing reductions under the First Step Act are discretionary, inasmuch as "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Pub. L. 115-391, § 404(c).

Another significant provision of the First Step Act for purposes of this Motion is Section 401, which ratchets down the duration of certain mandatory statutory penalties and restricts the types of prior offenses that trigger such enhanced penalties.  Most notably for the instant Motion,

Section 401 amends the portion of 21 U.S.C. § 841(b)(1)(A)(iii) that yielded mandatory life sentences for Malone in both 98-0183 and 98-0184 based on his two prior felony drug convictions.  As amended by the First Step Act, this provision in § 841(b)(1)(A)(iii) eliminates the mandatory life sentence, and instead states that "after 2 or more prior convictions for a serious drug felony … have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years."  21 U.S.C. § 841(b)(1)(A)(iii) (2020).  Unfortunately for Malone, Congress elected not to make this amendment retroactive; indeed, Section 401 of the First Step Act expressly provides that "the amendments made by this section[] shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*."  Pub. L. 115-391, § 401(c) (emphasis added).

      **B.**        ***This Court Lacks Authority to Reduce Malone's Sentences.***

In seeking sentence reduction under the First Step Act, Malone hangs his hat on the Eleventh Circuit's published opinion from earlier this summer in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).  Indeed, *Jones* provides a road map of binding precedent for analyzing Malone's Motion.  As an initial matter, any lingering doubt as to whether the sentences imposed in Malone's cases were for "covered offenses" within the meaning of Section 404 of the First Step Act is eradicated by *Jones*.  The Eleventh Circuit construed Section 404 as meaning that from the court record, "the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii).  If so, the movant committed a covered offense." *Jones*, 962 F.3d at 1301.  Unquestionably, Malone's offenses in each of 98-0183 and 98-0184 triggered the higher penalties (and particularly the mandatory life sentence for offenders with two prior felony drug convictions) found in § 841(b)(1)(A)(iii) at the time of his sentencing hearings.  For that reason, the Court readily concludes that Malone was sentenced for a covered offense in each of 98-0183 and 98-0184 because the District Court sentenced him for violations of section 841 for which the Fair Sentencing Act modified the statutory penalties.[2]

---

      [2]        Simply put, section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for offenses like Malone's that involve 50 grams or more of crack cocaine and offenders with multiple prior felony drug convictions from mandatory life imprisonment to 10 years to life imprisonment.  *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (1994) *with id.* § (Continued)

The "covered offense" finding does not conclude the analysis.  To the contrary, *Jones* teaches that "a movant's satisfaction of the 'covered offense' requirement ***does not necessarily mean that a district court can reduce his sentence***."  962 F.3d at 1303 (emphasis added).  This is because of the "as-if" clause in § 404(b), which provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed."  Pub. L. 115-391, § 404(b).  *Jones* goes on to elaborate that "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence. … [T]he First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant."  962 F.3d at 1303.  Such is the case here.

It is undisputed that at sentencing in 98-0183 and 98-0184, the sentencing judge made a finding that Malone was responsible for at least 1.5 and 1 kilogram of crack cocaine, respectively.[3]  The implication of those determinations is that, in each of the two cases, Malone was subject to the same mandatory penalty of life imprisonment after the Fair Sentencing Act of

---

841(b)(1)(B)(iii) (2012).  Malone's offenses qualify as covered offenses.  *See Jones*, 962 F.3d at 1303 (explaining that defendant Jackson had a covered offense when he was found to be responsible at sentencing for a drug quantity of at least 50 grams of crack cocaine and three prior felony drug convictions, such that the Fair Sentencing Act modified the penalties for his offense from mandatory life sentence to 10 years to life imprisonment).

[3]   In his Motion, Malone suggests that the judicial findings of drug quantity at sentencing are not binding on him.  Indeed, he makes much of the fact that in both cases, there were no special verdict findings about drug quantity, such that his "life sentence is predicated entirely upon judicial findings," and argues that such judicial findings cannot foreclose First Step Act relief to him. (Doc. 265 in 98-0183, doc. 282 in 98-0184, at 7.)  Malone argues that "there was no jury finding of any specific quantity in excess of 50 grams. … Accordingly, Mr. Malone is *eligible* for a sentence reduction pursuant to Section 404 of the First Step Act." (*Id.* at 9.)  But *Jones* does not distinguish between jury findings and court findings of drug quantities for purposes of First Step Act relief; to the contrary, the *Jones* panel opined that "just as a movant may not use *Apprendi* to collaterally attack his sentence, … he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion."  962 F.3d at 1302.  In that regard, "the Constitution does not prohibit district courts, in deciding motions for reduced sentences under the First Step Act, from relying on earlier judge-found facts that triggered statutory penalties that the Fair Sentencing Act later modified."  *Id.* at 1303.  And in the First Step Act context, a district court does "not err in refusing to allow [the movant] to relitigate his drug-quantity finding."  *Id.* at 1304.  For that reason, and pursuant to *Jones*, the Court relies on the sentencing courts' drug-quantity determinations for purposes of deciding Malone's Motion and will not allow Malone to relitigate them here.

2010 went into effect that he was prior to the effective date of the Fair Sentencing Act of 2010. That is to say, Malone remained squarely in the enhanced penalty category of 21 U.S.C. § 841(b)(1)(A)(iii) both before and immediately after the Fair Sentencing Act of 2010 was enacted. Both before and after the Fair Sentencing Act of 2010, a defendant responsible for at least 1 kilogram of crack cocaine with two prior felony drug convictions was subject to a mandatory statutory life term of imprisonment. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (1998) *with id.* § 841(b)(1)(A)(iii) (2012). The Fair Sentencing Act could not have benefitted Malone in either 98-0183 or 98-0184; therefore, the First Step Act does not permit a reduction in this case. In that regard, Malone is situated identically to defendant Jackson from the *Jones* case, as to whom the Eleventh Circuit applied the following reasoning:

> "Jackson was sentenced to a statutory mandatory sentence of life imprisonment based on a drug-quantity finding of 287 grams of crack cocaine and his three prior felony drug convictions. The district court correctly concluded that it could not reduce Jackson's sentence because his drug-quantity finding meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2012)."

*Jones*, 962 F.3d at 1304. Precisely the same analysis and conclusions apply here to defeat Malone's request for relief under the First Step Act. Malone posits that "[f]or the first time in this case, the Court has the discretion to fashion a sentence that is carefully calibrated to this particular defendant." (Doc. 275 in 98-0183, doc. 288 in 98-0184, at 4.) Not so. For the reasons stated, this Court lacks authority to reduce his sentences.

The logical defect upon which Malone's Motion founders is his unfounded assumption that he is no longer subject to a mandatory life sentence provision. In his Motion, Malone argues that his Sentencing Guideline range is from 324 to 405 months, even as he notes that his "guidelines were supplanted by the mandatory life sentence he faced pursuant to the 851 enhancement, which required a life sentence." (Doc. 265 in 98-0183, doc. 282 in 98-0184, at 13 & n.9.) The problem is that Malone's guidelines were supplanted by that same mandatory life sentence provision both before and after the Fair Sentencing Act of 2010 went into effect. Implicit in Malone's Motion is an argument that he is somehow entitled to the benefit of Section 401 of the First Step Act of 2018, which eliminated the mandatory life sentence provision of 21 U.S.C. § 841(b)(1)(A)(iii) and replaced it with a 25-year mandatory minimum after two or more prior convictions for a serious drug felony. But Section 401 is <u>not</u> retroactive. Recall that Congress delineated in Section 401(c) that the Section 401 amendments to § 841(b)(1)(A)(iii)

-7-

apply only to those offenses committed prior to December 21, 2018 for which sentence had not yet been imposed as of December 21, 2018. Obviously, Malone was sentenced many years prior to that date. As such, he remains subject to the mandatory life sentence provision of § 841(b)(1)(A)(iii) that was in effect at the time of his sentencings and that remained in effect in the immediate aftermath of the effective date of the Fair Sentencing Act of 2010, notwithstanding the non-retroactive eradication of the mandatory-life provision by Section 401 of the First Step Act of 2018. Contrary to Malone's insistence, this Court does not have the discretion to reduce his sentence pursuant to the First Step Act under these circumstances.

### III. Conclusion.

For all of the foregoing reasons, Malone's Motion to Reduce His Life Sentence Pursuant to the First Step Act (doc. 265 in 98-0183, doc. 282 in 98-0184) is **denied**. Because this result is dictated by binding precedent in *United States v. Jones* as well as the plain language of the First Step Act of 2018, the Court certifies that any appeal would not be taken in good faith; therefore, Malone will not be permitted to appeal from this Order *in forma pauperis*.

DONE and ORDERED this 12th day of August, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE