**Exhibit V –** *United States v. Parsons*, **No. 95-08089-CR-ALTONAGA (S.D. Fla. Apr. 19, 2024)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 95-08089-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**RONALD PARSON**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants, Ronald Parson, Stacey Parson, Kemmye Parson, and Willie Parson's (the "Parson Defendants[']") Motions for Compassionate Release [ECF Nos. 1861, 1863, 1868, 1871], respectively, filed in November 2023. The Government filed Responses in Opposition [ECF Nos. 1875–79], to which the Parson Defendants filed Replies [ECF Nos. 1888, 1899–1901]. The Parson Defendants seek compassionate, early release from service of their prison sentences under new amendments to the Sentencing Guidelines made effective November 1, 2023. (*See generally* Mots.). The Court has considered the record, the parties' written submissions, and the applicable law. For the following reasons, the Motions are granted in part.

### I. BACKGROUND

The Parson Defendants were convicted on May 22, 1996 of conspiracy with intent to distribute cocaine base and cocaine; they were part of a sprawling conspiracy that led to a 13-person indictment. (*See* Superseding Indictment [ECF No. 313]; Jury Verdicts [ECF Nos. 949–52]). The Parson Defendants were sentenced to mandatory life sentences after the Government successfully sought enhancement of their respective sentences under 21 U.S.C. section 841(b), for

having "two or more prior convictions for a felony drug offense[.]" (Tr. Sentence Hr'g – Stacey Parson [ECF No. 1278] 84:4–18; Tr. Continuation of Sentence Hr'g – Kemmye Parson [ECF No. 1282] 92:8–14; *see* Tr. Continuation of Sentence Hr'g – Ronald Parson [ECF No. 1284] 144:11–17; Stacey Parson Pre-Sentence Investigation Report ("PSI") ¶ 83; Kemmye Parson PSI ¶ 91; Ronald Parson PSI ¶ 103; Willie Parson PSI ¶ 98). When they filed their Motions, Defendants had served from 25 to 29 years of their sentences. (*See* Ronald Parson Mot. 2 (approximately 25 years); Stacey Parson Mot. 5 (approximately 28 years); Kemmye Parson Mot. 20 (approximately 29 years); Willie Parson Mot. 7 (approximately 28 years)).[1]

The Parson Defendants are not the first of their co-conspirators to seek sentence reductions. After Congress enacted the First Step Act of 2018, in 2021, the Court reduced the sentences of three other conspirators, Gary Alphonso Parson, Kelby Ramon Franklin, and Terrence Bernard Hutchins, from life to 360 months. (*See* Mar. 15, 2021 Orders [ECF Nos. 1802–04]). Section 404 of the First Step Act permits courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense[2] was committed." First Step Act of 2018, Pub. L. No. 115–391, § 404(b), 132 Stat. 5194, 5222 (2018) (alterations added). The Parson Defendants, however, were ineligible for the same relief as their Co-Defendants at that time because, even if the Fair Sentencing Act were in effect when they were sentenced, they still would have received mandatory life sentences because they had two or more prior convictions. (*See* Feb. 23, 2021 Order [ECF No. 1790]).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] A "covered offense" is a violation of a federal criminal statute for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act of 2010. *See id.* § 404(a).

Case 1:95-cr-08089-CMA Document 1967-1 Entered on FLSD Docket 04/15/2024 Page 4 of 15
Case 9:95-cr-08084-CMA Document 1867 Entered 05/01/24 Page 4 of 15 Page #: 10714

CASE NO. 95-08089-CR-ALTONAGA

As stated, the Parson Defendants now move for compassionate release. (*See generally* Mots.). Defendants argue the Sentencing Commission's recent amendments, which took effect November 1, 2023, allow for their sentences to be reduced given they are "unusually long sentence[s.]" U.S.S.G. § 1B1.13(b)(6) (alteration added). The Court agrees the Parson Defendants are eligible for relief. The Court explains.

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."[3] *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). As relevant here, under section 3582(c)(1)(A), the Court may reduce a defendant's term of imprisonment if, after considering the factors under 18 U.S.C. section 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction[] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A) (alterations added).[4] A defendant bears the burden of showing he is eligible for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (citation omitted).

Congress has tasked the Sentencing Commission with "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction," instructing only that

---

[3] Under 18 U.S.C. section 3582(c), a court may modify a term of imprisonment only under the following scenarios: (1) where either "extraordinary and compelling reasons warrant such a reduction" or the defendant is at least 70 years old and meets other requirements, *id.* section 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* section 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and other requirements are satisfied, *see id.* section 3582(c)(2).

[4] As amended by the First Step Act of 2018, section 3582(c)(1)(A) allows a prisoner to move for a sentence reduction on his own behalf after he "has fully exhausted" his administrative remedies. 18 U.S.C. § 3582(c)(1)(A) (A prisoner may file a motion on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier[.]" (alterations added)); *see United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021). The Government

3

"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (alterations added). Section 1B1.13 of the Sentencing Guidelines explains the "[e]xtraordinary and compelling reasons" justifying a sentence reduction. U.S.S.G. § 1B1.13(b) (alteration added). The Sentencing Commission currently lists six reasons; relevant here is whether "a defendant received an unusually long sentence[.]" *Id.* at 1B1.13(b)(6) (alteration added).

Next, the section 3553(a) factors courts are to consider "include . . . the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (alteration added; citing 18 U.S.C. § 3553(a)). "A district court must also take into consideration the 'nature and circumstances' of the offense and the 'history and characteristics' of the defendant." *Id.* (quoting 18 U.S.C. § 3553(a)(1)). The Court should further "consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *Id.* (citing 18 U.S.C. §§ 3553(a)(3)–(7)).

The Court turns to the parties' arguments.

### III. DISCUSSION

The Parson Defendants each point to their unusually long sentences as extraordinary and compelling reasons justifying relief. (*See generally* Mots.). The Court is persuaded that their sentences are "unusually long," and allows them to seek relief.

---

concedes each Defendant exhausted his administrative remedies. (*See* Ronald Parson Resp. 6 n.3; Stacey Parson 7 n.4; Kemmye Parson Resp. 6 n.3; Willie Parson Resp. 5 n.3).

4

Under the newly enacted amendments to the Sentencing Guidelines, defendants are eligible for release if they "received an unusually long sentence" (as Defendants here argue they have) and have "served at least 10 years of the term of imprisonment" (as all Defendants here concededly have).[5] U.S.S.G. § 1B1.13(b)(6). Then, the Court may consider "a change in the law" to "determine[e] whether the defendant presents an extraordinary and compelling reason . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* (alterations added).

The Commission elaborated in section 1B1.13(c) that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* But, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

Defendants argue they would have received considerably shorter sentences under a combination of section 401 of the First Step Act; *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *United States v. Booker*, 543 U.S. 220 (2005). (*See generally* Mots.). The Government opposes Defendants' Motions on two fronts. (*See generally* Resps.). First, the Government contends the Sentencing Commission exceeded its authority in promulgating this amendment to the Sentencing Guidelines. (*See generally* Resps.). In the alternative, the Government argues

---

[5] As stated, Defendants have each served from 25 to 29 years. (*See* Ronald Parson Mot. 2; Stacey Parson Mot. 5; Kemmye Parson Mot. 20; Willie Parson Mot. 7).

5

there is no "gross disparity" between the sentences Defendants are serving and the sentences likely to be imposed now. (*See generally id.*). Upon careful consideration, including the review of recent trial court decisions, the Court disagrees with both arguments.

### A. Validity of Sentencing Guideline Section 1B1.13(b)(6)

First, the Court joins the chorus of other district courts in this Circuit rejecting the Government's argument that the Sentencing Commission was without authority to enact this amendment. *See, e.g.*, *United States v. Cousins*, No. 92-cr-250, 2024 WL 1516121, at *4–5 (N.D. Ga. Apr. 4, 2024); *United States v. Colley*, No. 94-cr-7, 2024 WL 1516128, at *4 (N.D. Ga. Mar. 26, 2024); *United States v. Ware*, --- F. Supp. 3d ---, No. 97-cr-00009, 2024 WL 1007427, at *7 (N.D. Ga. Mar. 6, 2024); *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Allen*, --- F. Supp. 3d ---, No. 09-cr-320, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024); *United States v. Padgett*, --- F. Supp. 3d ---, No. 06-cr-13, 2024 WL 676767, at *3 (N.D. Fla. Jan. 30, 2024).

"[T]he Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, [so] this Court can accept [section] 1B1.13(b)(6)'s validity and applicability." *Allen*, 2024 WL 631609, at *5 (alterations added). After all, "to curtail judicial discretion, the statute specifically directs the Commission to adopt a policy statement that defines 'extraordinary and compelling reasons.'" *Bryant*, 996 F.3d at 1255. The Eleventh Circuit has explained that the reason Congress requires the Sentencing Commission to establish such policy statements "is that it 'made the policy statement binding on courts by providing that a sentence may be reduced only where doing so is consistent with the Commission's policy statements.'" *Id.* (alterations adopted; citation omitted). Thus, the Court is following the consistent decree of the

Sentencing Commission and — in line with several recent district courts before it — rejects the Government's argument that the Commission exceeded its limits.

**B. Applicability of Sentencing Guideline Section 1B1.13(b)(6) to Parson Defendants**

Next, the Court considers Defendants' substantive arguments that they are eligible for relief under the new amendment. According to Defendants, the changes in the law that have occurred since Defendants were sentenced produce a "gross disparity" between their sentences and the sentences they would receive for the same crimes today. (*See generally* Mots.); U.S.S.G. § 1B1.13(b)(6).

*i. Changes in the Law*. The Court first considers the First Step Act, enacted in 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Defendants each received mandatory life sentences because of the sentencing enhancement for their prior drug offenses. (*See* Tr. Sentence Hr'g – Stacey Parson [ECF No. 1278] 84:4–18; Tr. Continuation of Sentence Hr'g – Kemmye Parson [ECF No. 1282] 92:8–14; *see* Tr. Continuation of Sentence Hr'g – Ronald Parson [ECF No. 1284] 144:11–17; Stacey Parson PSI ¶ 83; Kemmye Parson PSI ¶ 91; Ronald Parson PSI ¶ 103; Willie Parson PSI ¶ 98). Defendants argue that, under the First Step Act's modified requirements for sentencing enhancements, they would not have received mandatory life sentences for their predicate drug offenses. (*See* Ronald Parson Mot. 8–9; Stacey Parson Mot. 5; Kemmye Parson Mot. 7–8; Willie Parson Mot. 8–9).

The Court agrees. Under 21 U.S.C. section 841(b), defendants are subject to an enhanced sentence for prior convictions. *See id.* But in section 401 of the First Step Act, Congress narrowed the definition of predicate drug offenses for sentence enhancements from "felony drug offense[s]" to "serious drug felon[ies,]" 21 U.S.C. § section 841(b) (alterations added) — requiring a defendant to have served "a term of imprisonment of more than 12 months[,]" *id.* § 802(57)

(alteration added). Defendants each argue at least one of their predicate convictions would not meet this heightened definition. (*See* Ronald Parson Mot. 8; Stacey Parson Mot. 5; Kemmye Parson Mot. 8; Willie Parson Mot. 8). Further, Defendants argue, even if their predicate offenses still meet the new definition, the First Step Act lowered the minimum sentence with two prior convictions of serious drug felonies from mandatory life to a minimum 25-year sentence. (*See* Ronald Parson Mot. 3, Stacey Parson Mot. 5, Kemmye Parson Mot. 3–4; Willie Parson Mot. 7–8); *see also* 21 U.S.C. § 841(b).

The Government does not dispute that each Defendant would have had less than two qualifying predicate convictions today, and in any event, would not face mandatory life sentences. (*See generally* Resps.). It only argues that this section of the First Step Act was not made retroactive and therefore cannot serve as an extraordinary or compelling reason for a sentence reduction. (*See* Ronald Parson Resp. 15–16; Stacey Parson Resp. 16–17; Kemmye Parson Resp. 15–16; Willie Parson Resp. 15). The Court disagrees. As stated, the Court finds U.S.S.G. section 1B1.13(b)(6) a valid amendment and only considers whether "such change would produce a gross disparity[,]" regardless of whether the change is retroactively applied by Congress. *Id.* (alteration added).

Defendants also argue they would have received lower sentences had they been sentenced after the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Each Defendant argues the drug quantity for which he was convicted was treated as a sentencing factor rather than an element of his offense. (*See* Ronald Parson Mot. 7–8; Stacey Parson Mot. 5; Kemmye Parson Mot. 7, Willie Parson Mot. 9–11). This means the Government did not have to prove the drug quantity — which increased Defendants' sentences beyond the statutory maximum — to a jury. (*See* Ronald Parson Mot. 7–8; Stacey Parson Mot. 5; Kemmye Parson Mot. 7, Willie Parson Mot.

8

9–11). All the jury found was a detectable amount of cocaine and cocaine base. (*See* Superseding Indictment 2). In *Apprendi*, the Supreme Court held "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. According to Defendants, considering *Apprendi*, the maximum sentence they could receive without a separate jury finding on drug quantity was 20–30 years. *See* 21 U.S.C. § 841(b)(1)(C); (Ronald Parson Mot. 8; Stacey Parson Mot. 5; Kemmye Parson Mot. 7 n.5; Willie Parson Mot. 11).

The Government argues that the Supreme Court's intervening decision in *Apprendi* does not establish a change in law, rather it establishes an error occurring at trial. (*See* Ronald Parson Resp. 10; Stacey Parson Resp. 11; Kemmye Parson Resp. 10; Willie Parson Resp. 9). The Government provides no authority supporting this theory and fails to convince the Court. (*See generally* Resps.). At the time Defendants were tried, treating the drug quantity as a sentencing factor rather than an element of the offense requiring a jury verdict was not error — *Apprendi* thus *changed* the law by making it so. *See* U.S.S.G. §§ 1B1.13(b)(6), (c). If the Government had failed to convince a jury of the drug quantity beyond the detectable amount of cocaine and cocaine base under which they were convicted, Defendants' sentences would have been lower. *See* 21 U.S.C. § 841(b)(1)(C).

In addition, two of the Parson Defendants note that their Sentencing Guidelines ranges were mandatory at the time of their sentencing, but were made discretionary by *United States v. Booker*, 543 U.S. 220 (2005). (*See* Kemmye Parson Mot. 7; Willie Parson Mot. 15). The Government does not address this argument in its Responses. (*See generally* Kemmye Parson Resp.; Willie Parson Resp.). Indeed, *Booker* created a sea-change: had Defendants been sentenced today, a court would have discretion whether to sentence them to life; at the time of their sentencing

9

hearings, the sentencing court was required to impose life sentences. *See Booker*, 543 U.S. at 227. In sum, Defendants clearly identify various changes in the law since they were sentenced.

  *ii. Gross Disparity.* Next, the Court must determine whether these changes in the law "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." U.S.S.G. § 1B1.13(b)(6) (alteration added). The Court agrees with the *Allen* court that "the difference between a life sentence and any sentence less than life is glaringly noticeable." *Allen*, 2024 WL 631609, at *6.

  A stated, given the changes to the definition of predicate offenses under the First Step Act, the standards of proof in *Apprendi*, and the discretion given to sentencing judges in *Booker*, Defendants could have received sentences shorter than life imprisonment had they been sentenced at the time they filed their Motions. The Government argues their sentences are not "unusual, uncommon, or unprecedented" and "simply reflect[] the law at the time" they were sentenced. (Ronald Parson Resp. 11 (alteration added); Stacey Parson Resp. 11 (alteration added); Kemmye Parson Resp. 11 (alteration added); Willie Parson Resp. 10 (alteration added)). The crux of the Government's argument is, again, that the changes in law Defendants cite were not made retroactive. (*See* Ronald Parson Resp. 11 (alteration added); Stacey Parson Resp. 11 (alteration added); Kemmye Parson Resp. 11 (alteration added); Willie Parson Resp. 10 (alteration added)). Given the Court agrees with Defendants that the sentencing amendment is valid, these arguments are unconvincing.

  A life sentence is grossly disparate from anything less than a life sentence. *See Allen*, 2024 WL 631609, at *6. Defendants' sentences are "unusually long" because the changes in law they identify "produce a gross disparity between the sentence[s] being served and the sentence[s] likely

10

to be imposed at the time [their] motion[s] [were] filed." U.S.S.G. § 1B1.13(b)(6) (alterations added).

    *iii. Section 3553(a) Factors.* Defendants persuade the Court they satisfy section 1B1.13(b)(6) of the Sentencing Guidelines, but under 18 U.S.C. section 3582(c)(1)(A)(i), the Court may only reduce Defendants' term of imprisonment for extraordinary and compelling reasons after considering the factors set forth in 18 U.S.C. section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). The section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Bonilla-Tello*, 270 F. App'x 982, 985 (11th Cir. 2008) (citation omitted); *see* 18 U.S.C. § 3553(a).

    Defendants each argue the section 3553(a) factors do not preclude a reduction of their sentences. (*See* Ronald Parson Mot. 9–13; Stacey Parson Mot. 6; Kemmye Parson Mot. 12–20; Willie Parson Mot. 24–28). The Government contends the section 3553(a) factors weigh strongly against release or sentence reduction for each Defendant but does not engage in analysis of the individual factors. (*See* Ronald Parson Resp. 18–20; Stacey Parson Resp. 19–20; Kemmye Parson Resp. 18–19; Willie Parson Resp. 17–19). "The Court is not required to expressly discuss all mitigating evidence or every [section] 3553(a) factor . . . Instead, an acknowledgement by the Court that it has considered the [section] 3553(a) factors and the parties' arguments is ordinarily sufficient." *Allen*, 2024 WL 631609, at *8 (alterations adopted; other alterations added; citations and quotation marks omitted).

11

The Government argues the nature and circumstances of each Defendant's offense and history — carrying firearms and obtaining supervisory positions in the conspiracy — demonstrate Defendants are still a danger to society. (*See* Ronald Parson Resp. 18–20; Stacey Parson Resp. 19–20; Kemmye Parson Resp. 18–19; Willie Parson Resp. 17–18). But the Court is persuaded that Defendants' showcase of their poor upbringings, emotional immaturity at the time of the offenses, and personal growth and rehabilitation — including educational, employment, and drug rehabilitation accomplishments — during their time in prison should be given consideration. (*See* Ronald Parson Mot. 9–11; Stacey Parson Mot. 5–6; Kemmye Parson Mot. 12–16; Willie Parson Mot. 15–21, 24–25). Defendants have completed educational programs, received minimal disciplinary infractions, worked, and served as role models for younger inmates during their decades of imprisonment. (*See* Mots.).

The Government also fails to persuade that a reduction in sentence would compromise Defendants' respect for the law and ability to reflect on their crimes. (*See generally* Resps.). Defendants have each served at least 25 years in prison. (*See* Ronald Parson Mot. 2; Stacey Parson Mot. 5; Kemmye Parson Mot. 20; Willie Parson Mot. 7). They have written letters to the Court expressing their remorse and aspirations for self-improvement upon release. (*See* Ronald Parson Mot., Ex. 1, Composite [ECF No. 1861-1] 40; Stacey Parson Mot. 9; Kemmye Parson Mot. 33–34; Willie Parson Mot., Ex. 5, Letter [ECF No. 1871-5]). Certainly, Defendants' offenses are serious, but Defendants have already served lengthy sentences with minimal disciplinary action and have expressed an intention to transition into society as law-abiding citizens. (*See generally* Mots.).[6]

---

[6] Some Defendants also explain the need for deterrence is unfounded because harsher drug crime sentences have been shown to have no deterrent effect on drug crimes (*see* Kemmye Parson Mot. 16–17; Willie Parson Mot. 25–26); and there was unfair sentencing disparity amongst actors in the conspiracy because more culpable Defendants received shorter sentences (*see* Kemmye Parson Mot. 18–20; *see also* Willie Parson

In sum, the Government's argument applies the section 3553(a) factors in broad strokes to Defendants as if nothing had changed from the time they were sentenced. (*See generally* Resps.). The Government makes no attempt to argue whether the lengthy sentences Defendants have already served are sufficient to meet the section 3553(a) purposes. *See Smith*, 2024 WL 885045, at *1 (granting a defendant's motion for sentence reduction where "the government [did] not deny that [defendant] has already served a sentence sufficient to meet the U.S.C. [section] 3553(a) sentencing purposes." (alterations added)). The Court is especially persuaded by the fact that, given Defendants' life sentences, their good behavior has all occurred without the hope of early release. *See Allen*, 2024 WL 631609, at *8 (noting the court was impressed by the defendant's lack of disciplinary violations and completion of educational and drug treatment programs when he had no hope of early release for good behavior). Considering the section 3553(a) factors, including the nature of Defendants' offenses, and their productive activities while imprisoned, sentence reductions may be warranted.

### IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Parson Defendants' Motions **[ECF Nos. 1861, 1863, 1868, 1871]** are **GRANTED in part**. The parties shall confer and contact the Courtroom

---

Mot. 12). The Government does not respond to these arguments, nor does it specifically address any of the remaining section 3553(a) factors. (*See generally* Resps.).

Deputy to schedule resentencing hearings, advising of the amount of time required on the Court's calendar and proposed deadlines for the filing of sentencing memoranda.

**DONE AND ORDERED** in Miami, Florida, this 19th day of April, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record