IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES | 98-cr-183, 98-cr-184 |
| v. | Honorable William H. Steele |
| PERRY MALONE | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MR. MALONE'S MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

*I feel strongly that he has paid his debt to society. He has one of the highest regarded positions in the prison…One hundred percent [Perry Malone] could help people in the community…I can't believe how positive and optimistic he's been given he is serving a life sentence. He encourages other guys in the same boat to remain optimistic.* – Dr. Carly Chadick, BOP Staff Psychologist[1]

*[Perry Malone]'s well known for being a man of integrity and being respectful. He is small in stature but humongous in spirituality and intellectuality. I have no doubt in my mind that once he is released, he will never come back to prison.* – Kenneth Harris, FCI Jesup Supervisory Chaplain[2]

Perry Malone, by and through his undersigned counsel, respectfully submits this supplemental memorandum in support of his Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Malone files this notice to inform the Court of recent district court decisions in the Eleventh Circuit that support his argument that his "unusually long sentence" is

---

[1] On September 25, 2024, undersigned counsel, Prof. Amanda K. Rogers, spoke with Dr. Chadick over the phone.
[2] On October 2, 2024, undersigned counsel, Prof. Amanda K. Rogers, spoke with Chaplain Harris over the phone.

1

an extraordinary and compelling reason for release. Additionally, undersigned counsel interviewed BOP staff about Mr. Malone's continued stellar work as8 FCI Jesup's "most senior [suicide prevention] companion" as well as his employment as the lead Christian representative for the compound. *See* Def.'s Mot. at 9 - 11.

As discussed in his Motion and Reply briefs, Mr. Malone presents an "extraordinary and compelling reason" for a reduction in his sentence under USSG § 1B1.13(b)(6) based on his "unusually long sentence." Def.'s Mot. at 15 - 17, 19 - 26; Def.'s Reply at 3 - 7. Despite the Government's arguments to the contrary, the "overwhelming chorus of district courts" have found that the Commission lawfully exercised its authority in interpreting "extraordinary and compelling" to include "unusually long sentences." Def.'s Reply at 3. Since his Motion was filed, several other courts have joined that chorus. *See e.g.*, *United States v. Clowers*, No. 92-CR-00082-TES-CHW-2, 2024 WL 3461752, at *1, *4 (M.D. Ga. July 18, 2024) (releasing defendant sentenced to life for drug conspiracies, holding that the Sentencing Commission did not exceed its delegated authority, and noting that eighteen other district courts in the Eleventh Circuit had already rejected the Government's argument); *United States v. Ingram*, No. 94-cr-2-2, 2024 WL 3696514, at *4 – 6 (S.D. Ga. Aug. 7, 2024) (granting sentence reduction when defendant was sentenced to life in prison for drug conspiracy); *United States v. Carswell*, No. 03-60264-CR, 2024 WL 2113770, at *4 (S.D. Fla. May 10, 2024) (granting sentence reduction when defendant was sentenced to thirty years for drug conspiracy). Undersigned counsel is unable to find any cases decided in this Circuit finding that the Sentencing Commission exceeded its delegated authority. Lastly, Mr. Malone's argument is buttressed by a decision from the Fifth Circuit Court of Appeals, which recently held that a non-retroactive change in law can be an extraordinary and compelling reason for release. *United States v. Jean*, 108 F.4th 275, 281 - 290 (5th Cir. 2024).

Recent decisions in this Circuit also support Mr. Malone's contention that a life sentence is "obviously unusually long." *Ingram*, 2024 WL 3696514, at *5 ; *see also United States v. Allen*, No. 03-cr-74, 2024 WL 4052904, at *5 (M.D. Fla. Sept. 5, 2024) ("[I]t is undisputed that defendant was sentenced to the unusually long sentence of a life sentence."). And that there is a gross disparity between his sentence and the sentence he would receive today. *See Ingram*, 2024 WL 3696514, at *3(finding that the difference between a life sentence and thirty years is a gross disparity); *Carswell*, 2024 WL 2113770, at *5 (finding a difference of eight years to be a gross disparity). These cases further support the conclusion that Mr. Malone's unusually long sentence is an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A).

Furthermore, we are providing the Court with an additional two letters of support and an updated progress report. Ex. X (Letter from Darius Reaux) ("[Perry Malone] is the personification of change, love, and a gentle soul"; Ex. Y (Letter from Jermaine A. Young) ("Mr. Malone is indeed and in truth a man of deep conviction and integrity"). Mr. Malone's most recent progress report indicates that Mr. Malone continues to be at a low risk recidivism level, receives the highest work evaluations from "all departments," and BOP staff "lauds [Mr. Malone's] faithfulness, unpretentiousness, positive influence and longtime service as a man of integrity while incarcerated." Ex. W (Sept. 18, 2024 Progress Report).

Mr. Malone continues to be a remarkable force for good while in prison. He continues his work as a mentor, senior suicide prevention companion, and lead Christian representative. Ex. W (Sept. 18, 2024 Progress Report). For over two decades, despite serving a life sentence, Mr. Malone exhibits model behavior and exemplary rehabilitation while incarcerated. *Clowers*, 2024 WL 3461752, at *6 ("The Court is especially persuaded by the fact that despite his life sentence,

his good behavior has all occurred without hope of early release.") (internal quotations and citations omitted).

These additional cases, letters of support, and progress report further support the conclusion that Mr. Malone has established "extraordinary and compelling" reasons for a sentence reduction under § 3582(c)(1)(A) and that his release is consistent with the § 3553(a) sentencing factors. Accordingly, we respectfully request this Court to reduce his sentence to time served.

Respectfully Submitted,

/s/ Amanda K. Rogers
   Amanda K. Rogers, Esq. PA Bar No. 331489, *Pro Hac Vice*
   Counsel for Perry Malone
   Criminal Justice Clinics
   Georgetown Law
   600 New Jersey Avenue, NW
   Washington, D.C. 20001-2075
   amanda.rogers@georgetown.edu
   610-662-9089

/s/ Katherine Moss Esq. Bar No. 9984014B
   Southern Center for Human Rights
   60 Walton Street NW
   Atlanta, GA 30303
   kmoss@schr.org
   404-688-1202

*Counsel for Perry Malone*

## CERTIFICATE OF SERVICE

      The undersigned, Amanda K. Rogers, an attorney with the Criminal Justice Clinics at Georgetown Law, hereby certifies that on October 11, 2024, I electronically filed this motion with the Clerk of the Court using CM/ECF system.

/s/ Amanda K. Rogers
   Amanda K. Rogers, Esq. PA Bar No. 331489, *Pro Hac Vice*
   Counsel for Perry Malone
   Criminal Justice Clinics
   Georgetown Law
   600 New Jersey Avenue, NW
   Washington, D.C. 20001-2075
   amanda.rogers@law.georgetown.edu
   610-662-9089